UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN,<br><br>        Petitioner,<br><br>    v.<br><br>G. MATTESON AND<br>J. SHAFFER,[1]<br><br>        Respondents.<br>_____ | ) Case No. 2:20-cv-09552-RGK-JC<br>)<br>)<br>) ORDER (1) DISMISSING PETITION<br>) FOR WRIT OF HABEAS CORPUS IN<br>) PART AND DENYING CERTIFICATE<br>) OF APPEALABILITY; AND<br>) (2) TRANSFERRING REMAINDER OF<br>) ACTION TO UNITED STATES<br>) DISTRICT COURT FOR THE<br>) EASTERN DISTRICT OF CALIFORNIA |

## I.   BACKGROUND AND SUMMARY

On October 7, 2020, petitioner Jimmie Stephen, a California state prisoner currently incarcerated in Vacaville, California, filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") in the Eastern District of California and a Motion to Proceed In Forma Pauperis ("IFP Application"). On October 19, 2020, a Magistrate Judge in the Eastern District of California transferred the matter to the Central District of California because such court read the Petition to challenge petitioner's 1991 conviction/sentence in Los Angeles County Superior Court Case No. A714077 ("State Case"). A close review

---

[1] Respondent G. Matteson is the Acting Warden at the California State Prison, Solano in Vacaville, California. Respondent J. Shaffer is the Executive Officer of the Board of Parole Hearings (BPH).

of the Petition, however, reveals that it primarily, if not entirely, challenges the execution of petitioner's sentence in the Eastern District of California. More specifically, the Petition asserts three claims – the first two of which assert challenges to the December 5, 2019 proceedings before the Board of Parole Hearings which denied him parole,[2] and the third of which claims that it is unconstitutional to collect fines/fees from indigent inmates and to impose fines/fees without an "ability to pay hearing." (Petition at 5, 7, 8).

For the reasons explained below, the Court (1) dismisses the Petition without prejudice for lack of jurisdiction to the extent the Petition challenges the judgment in the State Case because it is successive and the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") has not authorized petitioner to file it and denies a certificate of appealability relating to the same; and (2) transfers the remainder of the Petition/this action – which challenges the execution of petitioner's sentence – to the Eastern District of California where venue is more appropriate.

///
///
///
///
///
///
///

---

[2]In Claim One, petitioner appears to challenge the asserted failure of BPH Executive Officer Shaffer to disclose favorable evidence regarding a prison disciplinary matter involving Lt. H. Williams which assertedly was a basis upon which petitioner was denied parole on December 5, 2019. (Petition at 5). In Claim Two, petitioner again appears to challenge the actions of Shaffer, as well as BPH Commissioner Barton – who presided over the December 5, 2019 parole proceeding (see Transcript of December 5, 2019 Parole Hearing, Docket No. 7) – relating to prison discipline involving Williams. (Petition at 7).

## II. TO THE EXTENT THE PETITION CHALLENGES THE JUDGMENT IN THE STATE CASE, IT IS SUCCESSIVE AND IS DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION[3]

In the State Case, a jury convicted petitioner of one count of second degree murder on January 7, 1991. On April 10, 1991, the court sentenced petitioner to an indeterminate term of fifteen years to life in state prison.

Petitioner has since repeatedly attempted to challenge the judgment in the State Case. Over twenty years ago, a District Judge denied on the merits a federal habeas petition filed by petitioner on December 13, 1994 ("1994 Petition"), which challenged the judgment in the State Case. See Stephen v. Prunty, C.D. Cal. Case No. 2:94-cv-08341, Docket Nos. 22 (Report and Recommendation), 23 (Order Adopting Report and Recommendation) and 24 (Judgment denying petition and dismissing action with prejudice). The Ninth Circuit thereafter affirmed the District Court's judgment and the United States Supreme Court denied certiorari. See 1994 Federal Action Docket No. 30; Stephen v. Prunty, 91 F.3d 155 (9th Cir. 1996) (Table), cert. denied, 519 U.S. 1095 (1997).

Since denying the 1994 Petition on the merits, one or more District Judges in the Central District of California have dismissed at least[4] four more habeas actions challenging the judgment in the State Case on the grounds that the petitions were

---

[3]The Court takes judicial notice of the state and federal court proceedings/records referenced herein. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

[4]In April 1998, petitioner filed another habeas petition in the Central District that the Court appears to have dismissed as successive. See Stephen v. Ayers, C.D. Cal. Case No. 2:98-cv-03223, Docket No. 3 (Order summarily dismissing petition on the ground that the court had not received authorization to consider it). However, the Court's docket does not readily reflect the substance of that petition. In any event, details regarding the foregoing action are not essential to the Court's analysis.

3

successive and petitioner had not obtained permission from the Ninth Circuit to file them.[5]  See Stephen v. Sisto, C.D. Cal. Case No. 2:09-cv-03894, Docket Nos. 4 (Memorandum and Order Dismissing Petition for Writ of Habeas Corpus without prejudice as successive), and 8 (Ninth Circuit Order in Case No. 94-80280 denying petitioner's appeal on the ground that "the appeal is so insubstantial as to not warrant further review"); Stephen v. Swarthout, C.D. Cal. Case No. 2:11-cv-08497, Docket No. 3 (Memorandum and Order Dismissing Petition for Writ of Habeas Corpus without prejudice as successive); Stephen v. Chappell, C.D. Cal. Case No. 2:14-cv-04059, Docket No. 4 (Memorandum and Order Dismissing Petition for Writ of Habeas Corpus); Stephen v. Fox, C.D. Cal. Case No. 2:18-cv-05613, Docket Nos. 9 (Memorandum Decision and Order Dismissing First Amended Petition without Prejudice as Successive), 10 (Judgment dismissing action without prejudice).

The Ninth Circuit has also twice denied petitioner leave to file second or successive petitions challenging the judgment in the State Case.  See Stephen v. Marshall, Ninth Circuit Case No. 08-70796, Docket No. 2; Stephen v. Fox, Ninth Circuit Case No. 18-71296, Docket No. 2.

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)).  This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also

---

[5] In addition to the petitions denied as successive, District Judges in the Central District of California have also twice dismissed petitioner's federal habeas petitions challenging the judgment in the State Case as unexhausted.  See Stephen v. Prunty, C.D. Cal. Case No. 2:94-cv-02805, Docket No. 24 (Order and Judgment dismissing petition without prejudice for failure to exhaust); Stephen v. Roe, C.D. Cal. Case No. 2:01-cv-03012, Docket No. 3 (Memorandum and Order Dismissing Petition for Writ of Habeas Corpus without prejudice for failure to exhaust).

Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit).  A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals.  Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense.  Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits.  See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or

successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

The 1994 Petition was denied on its merits – not for a technical or procedural reason. Accordingly, the instant Petition – like at least four other above-referenced federal habeas petitions filed by petitioner which challenge the judgment in the State Case – is successive to the extent it challenges such judgment. Since petitioner filed the Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it to the extent it challenges the judgment in the State Case.[6]

Accordingly, to the extent the Petition challenges the judgment in the State Case, it is dismissed without prejudice and a certificate of appealability is denied because petitioner has failed to make a substantial showing of a denial of a constitutional right and, under the circumstances, jurists of reason would not disagree with the Court's determinations herein.

### III. THE REMAINDER OF THE PETITION/ACTION – WHICH CHALLENGES THE EXECUTION OF PETITIONER'S SENTENCE – IS TRANSFERRED TO THE EASTERN DISTRICT OF CALIFORNIA

As noted above, petitioner asserts multiple challenges to the denial of parole/the execution of the sentence imposed in the State Case.

Venue is proper in a habeas action in either the district of conviction or the district of confinement. See 28 U.S.C. § 2241(d). In cases in which a habeas petition is directed to the petitioner's underlying conviction or sentence, the district court for the district in which the petitioner was convicted and sentenced is a more convenient forum because of the accessibility of evidence, records and witnesses.

---

[6]A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

Thus, district courts in California generally transfer habeas actions questioning state convictions and/or sentences to the district in which the petitioner was convicted and sentenced.

In cases in which a petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credit claims, the district of confinement is the preferable forum. See Giovinco v. Carey, 2003 WL 21696204, *1 (N.D. Cal. July 14, 2003) (Eastern District preferable forum for challenge of parole decision made at prison within that district); see also Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (proper forum for federal inmate to challenge execution of sentence is district in which prisoner confined). Accordingly, district courts in California generally transfer habeas actions challenging the manner in which a sentence is being executed to the district in which the petitioner is confined. See Walker v. Tilton, 2007 WL 2684891, *1 (E.D. Cal. Sept. 10, 2007) (transferring habeas petition of petitioner convicted in Eastern District of California to district of confinement – the Northern District of California – because petitioner challenged denial of parole/execution of sentence, not conviction).

Petitioner is housed at an institution in Vacaville, Califronia, in Solano County, California, which is within the jurisdictional boundaries of the Eastern District of California. See 28 U.S.C. § 84(b). He challenges the proceedings in which he was denied parole and the collection of fines/fees during his imprisonment – challenges to the execution of his sentence in such district.

Therefore, pursuant to 28 U.S.C. §§ 1404(a) and 2241(d), and in the interests of justice, it is hereby ordered that the remainder of the Petition and this action – including the IFP Application as to which no action has been taken – are transferred back to the United States District Court for the Eastern District of California.

///
///

The Clerk of this Court shall effect such transfer and shall serve a copy of this Order upon petitioner and upon the California Attorney General.

IT IS SO ORDERED.

DATED: November 13, 2020

_____
HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE